UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY U.,

                Plaintiff,                              6:20-CV-6591Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #18

## BACKGROUND

Plaintiff applied for disability insurance benefits with the Social Security Administration ("SSA"), on March 8, 2017, alleging disability beginning June 15, 2016, at the age of 52, due to left shoulder injury; herniated disc at L3-L4; chronic pain; high blood pressure; and anxiety disorder. Dkt. #13, pp.95-96.

On July 22, 2019, plaintiff appeared with counsel and testified, along with an impartial vocational expert ("VE"), Peter Manzi, at an administrative hearing before Administrative Law Judge ("ALJ"), John Costello. Dkt. #13, pp.35-94. Plaintiff testified

that he achieved an associates degree in electronics theory and was currently employed through a temporary agency working full-time as an electronics technician repairing servo drives on conveyor belt motors, which involves lifting and moving motors up to 75 pounds. Dkt. #13, pp.50-51, 53, 56 & 58. He left his prior employer of more than five years after undergoing surgery because he could no longer climb around larger machinery or work on his knees. Dkt. #13, p.59-61. He applied for disability because he does not feel as though he can maintain his employment. Dkt. #13, p.81. He is no longer able to lift his left arm above his shoulder. Dkt. #13, pp.67-68. He has a herniated disc that causes low back pain which radiates down his legs and pain in his left knee, left foot and right hip. Dkt. #13, pp.70-73 & 75. He moved to a downstairs apartment because he can no longer climb stairs. Dkt. #13, p.72. He keeps everything on lower shelves because he can't reach the upper shelves. Dkt. #13, p.78. He usually walks with a cane. Dkt. #13, pp.75-76. In the grocery store, he uses the cart to lean on. Dkt. #13, p.80. He experiences anxiety and testified that his work is stressful because an assembly line is down while he does his work. Dkt. #13, p.77.

The VE classified plaintiff's past work as an electronic technician. Dkt. #13, p.84. When asked to assume an individual with plaintiff's age, education and past work experience who could perform a full range of light or medium work, except that he was limited to no more than occasional overhead reaching with his left, non-dominant arm, the VE testified that plaintiff could not perform his past work as customarily performed. Dkt. #13, pp.86-87. Alternatively, the VE testified that such an individual could work as a laundry sorter or bagger, each of which were unskilled, light exertion positions. Dkt. #13, pp.88-89.

-3-

The ALJ rendered a decision that plaintiff was not disabled on October 1, 2019. Dkt. #13, pp.19-30. The Appeals Council denied review on June 17, 2020. Dkt. #13, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on August 12, 2020. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step

sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient RFC for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had engaged in an unsuccessful work attempt in the Fall of 2018 through early 2019 and substantial gainful activity since April of 2019, but experienced a continuous 12-month period during which he did not engage in substantial gainful activity; (2) plaintiff's left shoulder impingement, degenerative disc disease of the lumbar spine, left knee arthritis and meniscus repair, and status post left metatarsal surgery repair constitute severe impairments; (3) plaintiff's impairments did

not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform light work[1] except that he can no more than occasionally reach overhead with the left, non-dominant arm; and (5) plaintiff was capable of performing his past work as an electronics technician as that work is generally performed and was capable of working as a laundry sorter and bagger, each of which were unskilled, light exertion positions, and was not, therefore, disabled within the meaning of the SSA. Dkt. #13, pp.21-30.

Plaintiff argues that the ALJ failed to reconcile a conflict between his RFC determination and the limitations identified by the state agency medical consultants the ALJ relied upon. Dkt. #14-1, pp.13-16.  Specifically, plaintiff argues that the ALJ failed to account for his limitation in reaching. Dkt. #14-1, pp.13-16. Plaintiff also argues that the ALJ's determination was not supported by substantial evidence because it was based upon stale medical opinions and the lay opinion of the ALJ. Dkt. #14-1, pp.17-21. Specifically, plaintiff argues that he suffered a knee injury and underwent foot and knee surgeries and received cortisone injections in his foot subsequent to the dates the medical opinions were rendered. Dkt. #14-1, p.19. Plaintiff also argues that the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Title as required to rely upon the VE's testimony. Dkt. #14-1, pp.21-23. Finally, plaintiff argues that the ALJ should have considered a closed period of disability

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. § 404.1527(b).

for the period while his application was pending when plaintiff was recovering from knee and foot surgery. Dkt. #14-1, pp.24-26.

The Commissioner responds that the ALJ properly based plaintiff's RFC on the record as a whole. Dkt. #15-1, pp.8-9. In any event, the Commissioner argues that moderate to marked limitations are consistent with the ability to perform light work. Dkt. #15-1, p.9. Moreover, the Commissioner notes that the ALJ further limited plaintiff to occasional overhead reaching with his left arm, which is consistent with the opinions of both Dr. Toor and Dr. Padmaraju. Dkt. #15-1, pp.9-10. While Dr. Padmaraju's opinion limited plaintiff to occasional reaching in all directions, the Commissioner argues that it was proper for the ALJ to rely upon plaintiff's testimony that he cannot lift his arm above his head to determine that his ability to reach was not otherwise limited. Dkt. #9, p.10. With respect to plaintiff's left knee and foot, the Commissioner argues that the ALJ was not required to obtain medical source opinions regarding these conditions, but was permitted to assess the treatment records to determine plaintiff's RFC without the need for additional medical opinion. Dkt. #15-1, pp.11-14. With respect to plaintiff's claim for a closed period of disability, the Commissioner argues that even though plaintiff experienced successive surgeries, that does not mean that his impairments and resulting functional limitations met the durational requirement of the SSA. Dkt. #15-1, p.14. Finally, the Commissioner argues that the VE testimony was consistent with the DOT. Dkt. #15-1, pp.16-18.

On May 26, 2017, Harbinder Toor, M.D. completed a consultative medical examination of plaintiff. Dkt. #13, pp.390-393. As relevant to the issues raised by plaintiff, Dr. Toor opined that plaintiff had a moderate to marked limitation to reaching, pushing, pulling, and lifting with the left shoulder. Dkt. #13, p.393. On June 1, 2017, upon review of the record, state agency review physician S. Padmaraju, M.D., determined that plaintiff's ability to push and/or pull would be limited to 20 pounds occasionally, 10 pounds frequently for the left upper extremities due to rotator cuff injury and osteoarthritis. Dkt. #13, p.101. Furthermore, Dr. Padmaraju determined that plaintiff was limited to occasional left front/lateral and overhead reaching due to rotator cuff injury. Dkt. #13, p.102.

The ALJ accorded Dr. Toor's opinion partial weight, noting that his assessment that plaintiff's "left shoulder is more limited relative to his other joints is consistent with the evidence." Dkt. #13, p.27. However, the ALJ noted that Dr. Toor's opinion of moderate to marked limitations was not consistent with plaintiff's "current work activity that involves use of these postural . . . activities." Dkt. #13, p.27. The ALJ afforded Dr. Padmaraju's opinion great weight, explaining:

> Dr. Padmaraju opined that [plaintiff] can perform light work with a limitation to occasional reaching due to the [plaintiff's] left shoulder impairment. Dr. Padmaraju's opinion is well-supported by the contemporary treatment record describing intact strength with some residual restriction of motion after arm surgery. It is not contradicted by the evidence received at the hearing level. Although the [plaintiff] has required additional treatment for other orthopedic impairments, his treatment has been generally successful without serious residual weakness or other physical deficits..

Dkt. #13, p.28. Given that ALJ accepted Dr. Padmaraju's determination that plaintiff

was limited to occasional left front/lateral and overhead reaching due to rotator cuff injury, it was error for the ALJ to omit the limitation with respect to plaintiff's capacity for left front/lateral reaching from plaintiff's RFC. *See Otts v. Colvin,* 15-CV-6731, 2016 WL 6677192, at *4 (W.D.N.Y. Nov. 14, 2016) (remanding where ALJ limited plaintiff to only "occasional lateral reaching" even though medical source opinion limited plaintiff to "reaching overhead and in all other planes."). Upon remand, the Commissioner shall obtain medical opinion as to whether plaintiff's subsequent medical treatment caused any additional functional limitations.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #14), is granted and the matter is remanded for further proceedings and the Commissioner's motion for judgment on the pleadings (Dkt. #15), is denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:    Buffalo, New York
           September 30, 2022**

                                           H. Kenneth Schroeder, Jr.
                                           **H. KENNETH SCHROEDER, JR.
            United States Magistrate Judge**